UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 11-115

ANTHONY BELVIN                               SECTION: "A"

## ORDER AND REASONS

This matter is before the Court on defendant Anthony Belvin's **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 60)**. Belvin has also filed a **Motion for Extension of Time to File Reply (Rec. Doc. 64)** and **Motion to Amend Motion to Vacate (Rec. Doc. 67)**. For the reasons that follow, the Motion to Vacate (Rec. Doc. 60) is DENIED, the Motion for Extension of Time to File Reply (Rec. Doc. 64)[1] is DENIED AS MOOT, and the Motion to Amend Motion to Vacate (Rec. Doc. 67)[2] is GRANTED.

## I.    BACKGROUND

On September 19, 2011, Anthony Belvin pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride (Count 1) and possession with intent to distribute 500 grams or more of cocaine hydrochloride (Count 2). (Rec. Doc. 32). As to each of Counts 1 and 2, the minimum term of imprisonment was 5 years and the maximum was 40 years. *See* 21 U.S.C. § 841(b)(1)(B). Based on a Total Offense Level of 29

---

[1] Via this motion, Belvin requests additional time to file a reply to the Government's opposition but that request is now moot because Belvin filed his reply on May 8, 2013. (Rec. Doc. 66).

[2] Via this motion, Belvin directs the Court's attention to the recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which Belvin contends supports his position.

and a Criminal History Category of I, the guideline imprisonment range for Belvin's offenses was 87 to 108 months. (Rec. Doc. 42, PSR at 18). Belvin's Total Offense Level included a 2-level enhancement pursuant to USSG § 3B1.1(c) for Belvin's leadership role in the charged offenses. (Rec. Doc. 42, PSR at 8).

Belvin filed an objection to the 2-level enhancement contending that the factual basis did not include any facts to support the enhancement, and that the information that the PSR cited to support the enhancement was both unreliable and inadmissible. Belvin also complained that his alleged leadership role in the offenses was not charged in the indictment. On December 20, 2011, after argument on the objections, the Court sentenced Belvin to a total term of imprisonment of 108 months. (Rec. Docs. 44 & 46). The next day, Belvin's trial counsel filed a notice of appeal on Belvin's behalf. (Rec. Doc. 45). Shortly thereafter, Belvin's trial counsel withdrew so that appellate counsel could be appointed. (Rec. Doc. 52).

On appeal, Belvin's appellate counsel filed an *Anders*[3] brief and moved to withdraw based on her determination that no non-frivolous issues existed for appeal. (Rec. Doc. 62-1). In the *Anders* brief appellate counsel addressed the issue of the 2-level leadership role enhancement but could not find legal error with it. (*Id.* at 15-20). Belvin then moved *pro se* to file a "response" to the *Anders* brief re-urging his argument that the 2-level enhancement was not supported by sufficient evidence, and contending that the enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the leadership role was not charged in the indictment. On September 7, 2012, the Fifth Circuit issued a judgment dismissing Belvin's appeal as frivolous. (Rec. Doc. 58).

On September 26, 2012, Belvin filed the instant § 2255 motion seeking to have the

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

2

Court remove the 2-level enhancement for the leadership role and re-sentence him at the reduced guideline range.

## II.    DISCUSSION

Belvin's first ground for relief is that his appellate counsel was ineffective because she filed an *Anders* brief instead of pursuing an appeal on the issue of the 2-level leadership role enhancement, which Belvin contends was his trial counsel's intent when he filed the notice of appeal. According to Belvin, his appellate counsel should have consulted with his trial counsel before filing the *Anders* brief, and at the very least should have withdrawn the brief once Belvin moved to file his own challenge to the 2-level enhancement. Belvin's other grounds for relief are based on his contention that imposition of the 2 level enhancement violated *Apprendi, supra*, and *United States v. Booker*, 543 U.S. 220 (2005), because the leadership role was not charged in the indictment, and the Court made a factual determination that only a jury could validly make. Belvin also contends that the evidence that the Court relied upon to make the determination was insufficient to support the enhancement, and that the Court's reliance on that evidence violated Belvin's constitutional right to confront his accusers.

The proper standard for evaluating a claim that appellate counsel was ineffective for neglecting to file a merits brief is that enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Under this standard the defendant must first show that his counsel was objectively unreasonable in failing to find arguably non-frivolous issues to appeal. *Id.* (*citing Strickland*, 466 U.S. at 687-91). If the defendant succeeds in that burden, then he has the burden of demonstrating actual prejudice. *Id.* That is, he must demonstrate a reasonable probability that but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. *Id.* at 286-87 (*citing*

3

*Strickland*, 466 at 694). The performance component need not be addressed first if the ineffectiveness claim fails on the prejudice prong. *Id.* at 286 n.14.

Belvin's motion is grounded on the erroneous legal proposition that *Apprendi* and its progeny transformed all sentencing factors into elements of the crime charged—elements that then must be alleged in the indictment and proved to a jury beyond a reasonable doubt. *Apprendi* and its progeny hold generally that any fact that increases the penalty for a crime is an "element" of the crime that must be submitted to the jury and found beyond a reasonable doubt. And while the Supreme Court very recently expanded *Apprendi* to apply to mandatory minimums in *Alleyne*, nothing in the Court 's reasoning suggests that a sentencing factor becomes an element of the crime charged simply because it results in a higher recommended guideline range. In fact, the *Alleyne* Court expressly cautioned that the decision does not mean that any fact that influences judicial discretion in sentencing must be found by a jury.[4] *Alleyne*, 133 S. Ct. at 2163. Moreover, broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment. *Id.* (*citing Dillon v. United States*, 130 S. Ct. 2683 (2010)).

The leadership factor that led to the 2-level enhancement is not an element of the charged drug offenses, and the leadership factor did not subject Belvin to a more onerous statutory minimum or to a higher statutory maximum. Rather, the 2-level enhancement merely resulted in a higher advisory or recommended range for the Court to consider when exercising its discretion during sentencing.[5] Nothing in the *Apprendi* line of cases suggests

---

[4] The entirety of the *Alleyne* decision does not constitute an opinion of the Court because a majority of the Justices did not sign on to all parts of the opinion, but the cited aspects above are from those parts of the opinion that did command a majority.

[5] Without the 2-level enhancement the guideline range would have been 70 to 87 months, as opposed to 87 to 108 months.

that Belvin's rights were violated when the Court determined the factual question of leadership during sentencing.

The remainder of Belvin's arguments go to the sufficiency and admissibility of the evidence that the Court relied upon to support the 2-level enhancement. Contrary to Belvin's suggestion, the Court may consider facts outside the factual basis when determining sentencing factors such as leadership role. The conduct described in the PSR that supported the leadership role came from statements that Belvin's co-defendant, Paul Joseph, made to law enforcement officers regarding Belvin's role in the drug offense. Hearsay evidence is admissible at sentencing. *United States v. Mir*, 919 F.2d 940, 943 n.3 (5th Cir. 1990) (*citing United States v. Byrd*, 898 F.2d 450, 452-53 (5th Cir. 1990)). And the defendant has no Confrontation Clause rights at sentencing. *United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999). Further, while Belvin did object to the inclusion of the leadership role enhancement contained in the PSR, he nonetheless submitted no rebuttal evidence of his own to refute the facts contained in the PSR so nothing impugned the reliability of the evidence. The Court was therefore free to adopt the facts in the PSR without further inquiry. *Id.* (*citing United States v. Mueller*, 902 F.2d 336, 346 (5th Cir. 1990)).

Based on the foregoing, Belvin cannot demonstrate actual prejudice from his appellate counsel's failure to file a merits-based brief in lieu of an *Anders* brief. Moreover, Belvin's appellate counsel did raise and fully brief the issue of the 2-level enhancement in the *Anders* brief so the sentencing issue was brought to the attention of the Fifth Circuit. The court nonetheless determined that there were no non-frivolous issues for appeal in Belvin's case. Thus, Belvin's is not entitled to relief on his claim for ineffective assistance of appellate counsel. Given that the entirety of Belvin's § 2255 motion is grounded on his *Apprendi*-based challenge to the 2-level enhancement, Belvin is entitled to no relief on his other claims

for the same reasons that he cannot establish actual prejudice on his ineffective assistance of counsel claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that defendant Anthony Belvin's **Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 60)** is **DENIED**;

**IT IS FURTHER ORDERED** that Belvin's **Motion for Extension of Time to File Reply (Rec. Doc. 64)** is **DENIED AS MOOT** and his **Motion to Amend Motion to Vacate (Rec. Doc. 67)** is **GRANTED**.

October 7, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE